The Chancellor.
The suit is for the foreclosure and sale of mortgaged premises. The mortgage was made by the defendant and her then husband, Samuel Seymour, since deceased, to Robert Boggs and James Boggs, executors of the will of Robert Morris, deceased, to secure the payment of a bond conditioned for the payment of nine hundred dollars, given by Samuel Seymour to the said executors. The bond and mortgage bear date the 19th of July, 1815. This nine hundred dollars was a loan of that amount, by the said executors, to one "William Myer, who actually received the money. But it was made altogether upon the security of this mortgage. On the 15th of July, 1815, the said William Myer, with John E. Myer as his surety, executed and delivered to Samuel Seymour their bond to secure nine hundred dollars, which was the consideration Seymour received for the mortgage in question. .There is no dispute as to the bona fides of the original transaction. Mary Seymour, the defendant, is a sister of William Myer, and it was an act of friendship towards him that the defendant and her husband gave the mortgage security for the loan.
Since the execution of the mortgage, Samuel Seymour has deceased, leaving his wife, Mary Seymour, the defendant, his sole devisee and legatee and sole executrix of his will.
*221 On the 28th of May, 1817, the said executors of Eobert Morris assigned the bond and mortgage to Eobert Boggs.
On the 20th of April, 1834, the executors of Eobert Boggs assigned the bond and mortgage to Bachael E. Bandolph, the step-daughter of William Myer.
On the 29th of May, 1848, Henry A. Yan Dyke and his wife (the saidBachel E. Bandolph) assigned the said bond and mortgage to the said William Myer.
On the 9th of May, 1853, the said William Myer assigned the said bond and mortgage to the complainant.
The bill alleges that the assignment of Yan Dyke and wife to William Myer was in trust for Bachael E. Yan Dyke; and that the assignment of William Myer to the complainant was upon a like trust; and that the complainant still holds the bond and mortgage as the trustee of the said Bachael. On behalf of the defendant, it was objected, at the hearing, that the cause ought not to go to a final decree, because the necessary parties are not before the court.
The general rule is, that a trustee cannot bring his suit in his own name, but that the party having the beneficial interest must be associated with him. Willink v. The Morris Canal and Banking Co., and cases there cited by court and counsel. 3 Green’s Ch. Rep. 390. The objection was well taken at the hearing. Malin v. Malin and others, 2 J. C. Rep. 238. And in some cases the objection for want of parties will prevail even on an appeal. Baker v. Biddle, 1 Bald. C. C. Rep. 403; The Mech. Bank of Alexandria v. Setons, 1 Peters 306.
There is great propriety that the rule should prevail in this case. The merits of the case are involved in the question — whether the assignment by Yan Dyke and wife was in fact in trust for Bachael Yan Dyke ? If it was not, then the complainant is not entitled to a decree; for as the bond and mortgage were given to secure a debt of William Myer, an assignment of them to him in his own right extinguished them as such securities, and he had no *222 right to make the subsequent assignment of them to the complainant.
The cause must stand over until Henry A. Van Dyke and Eachael his wife are made parties.